SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
ERIC D. SENTLINGER (SBN: 215380)
esentlinger@grsm.com
SARAH CARLSON LAMBERT (SBN: 247360)
slambert@grsm.com
GURPREET SANDHU (SBN: 335906)
gsandhu@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
FCA US LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA M. EARTHMAN and STONEY EARTHMAN<br><br>Plaintiffs<br><br>vs.<br><br>FCA US, LLC; SURF CITY AUTO GROUP DBA HUNTINGTON BEACH CDJ RAM; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>State Court Complaint Filed: April 27, 2022<br><br>Removal Date: December 23, 2022 |

DEFENDANT FCA US LLC'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

# NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FCA US, LLC ("FCA"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 30-2022-01256839-CU-BC-CJC of the Superior Court of California, County of Orange. In support of this removal, FCA states as follows:

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Orange by Plaintiffs ANGELA M. EARTHMAN and STONEY EARTHMAN ("Plaintiffs") against FCA, entitled *Angela M. Earthman and Stoney Earthman v. FCA US, LLC, et al.*, Orange County Superior Court Case No. 30-2022-01256839-CU-BC-CJC (the "State Action"). The two originally named Defendants were FCA and Surf City Auto Group dba Huntington Beach CDJ Ram ("Huntington Beach CDJR") (collectively, "Defendants"). (*See* **Exh. A** to the Declaration of Sarah Carlson Lambert ["Lambert Decl."], filed concurrently herewith.) FCA is the only remaining named Defendant in the case as Plaintiffs dismissed Huntington Beach CDJR on December 5, 2022. (*See* **Exh. B** to Lambert Decl.)

2. Plaintiffs filed the State Action on April 27, 2022, asserting, against FCA, five causes of action for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") including for breaches of express and implied warranty, and one cause of action for fraudulent inducement – concealment, based on their purchase of a 2017 Dodge Durango, VIN: 1C4SDHCT4HC774716 ("Subject Vehicle"). Plaintiffs additionally asserted one cause of action for negligent repair against Huntington Beach CDJR. (*See* **Exh. A** to the Lambert Decl.)

3. FCA was served with the Complaint on May 4, 2022.

4. On June 30, 2022, Huntington Beach CDJR filed and served its Notice of Motion and Motion to Compel Arbitration ("Motion"). The Motion to Compel was scheduled to come before the Orange Superior Court on December 12, 2022.

5. Plaintiffs dismissed Huntington Beach CDJR from this action on December 5, 2022. (See, **Exh. B** to the Lambert Decl.)

## II.   PROCEDURAL REQUIREMENTS

6. Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from the date of service or receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable to remove a case. 28 U.S.C. § 1446(3).

7. FCA received notice of this matter after it was served with a copy of the Complaint on May 4, 2022. As of the date of service on FCA, this matter was not removable as the Complaint did not contain facts that gave rise to a "federal question" and, with the inclusion of Huntington Beach CDJR, a California entity, complete diversity of citizenship did not exist. 28 U.S.C. § 1332.

8. "[O]nly a voluntary act of the plaintiff [can] bring about removal to federal court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). This rule is known as the "voluntary-involuntary" rule, and "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." See *Id.* at 657. A dismissal entered at the request of a party is a voluntary act. *Heller v. American States Insurance Company*, 2016 WL 1170891, *3 (C.D. Cal. 2016), (citing *D & J, Inc. v. Ferro Corp.,* (1986) 176 Cal. App. 3d 1191, 1194).

9. Plaintiffs filed a Request for Dismissal as to Huntington Beach CDJR

on December 5, 2022. (*See* **Exh. B** to the Lambert Decl.) In light of Plaintiffs' voluntary dismissal of Huntington Beach CDJR, FCA recognized this matter was now removable to Federal Court based on complete diversity of citizenship.

10. Based upon the Retail Installment Sale Contract, counsel for FCA was able to ascertain the amount in controversy. (*See* **Exh. C** to theLambert Decl.)

11. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since December 5, 2022 has not elapsed.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA's possession are contained in **Exhibits A-B and E-FF** to the Lambert Declaration, filed herewith.

13. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action has been pending.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Orange promptly after filing of same in this Court.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

16. If any question arises as to the propriety of the removal of this action, FCA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

17. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim,

(vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

#### A. Plaintiffs' Damages

18. For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

19. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

20. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

21. FCA disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, FCA can demonstrate that the amount in controversy exceeds

$75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

22. In the case at bar, Plaintiffs seek monetary relief. This is a products liability case. Plaintiffs allege breach of express and implied warranties under the Song-Beverly Consumer Warranty Act; Plaintiffs also alleges a claim for fraudulent inducement-concealment with a prayer for punitive damages. (*See* **Exh. A** to Lambert Decl.)

23. Plaintiffs seeks monetary relief under the Song-Beverly Act including but not limited to, actual damages, restitution, incidental and consequential damages, punitive damages, reasonable attorneys' fees and costs of suit, and a ***civil penalty in the amount of two times Plaintiffs' actual damages***. (*See* **Exh. A** to Lambert Decl., ¶¶ 41-46, 50-52, 56-57, 60, and Prayer at p. 13:10-24.)

24. The Song-Beverly Act authorizes a prevailing party to recover up to two times the purchase price of the vehicle as civil penalty, which is, in fact, the exact amount of civil penalties Plaintiffs seek in this action. (*See* Lambert Decl., ¶13).

25. The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).

26. The amount in controversy also includes reasonable estimates of attorney's fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

27. Moreover, where attorney's fees are recoverable, future fees, and not just fees incurred at the time of removal, are "at stake" in the litigation and should be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

28. The amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

29. The Song-Beverly Act allows for the recovery of attorney's fees. (Cal. Civil Code § 1794(d).)

30. The purchase price of the vehicle was $53,513.00. (*See* Lambert Decl., ¶¶ 16-17, **Exh. C**.)

31. Even before taking attorney's fees, punitive damages, or incidental and consequential damages into account, if Plaintiffs were to prevail on their Song-Beverly claims, they could be awarded damages of $75,000.00 or more if awarded statutory civil penalties. Plaintiffs' actual damages of purchase price of $53,513.00, plus $107,026.00 as a double civil penalty pursuant to Civil Code Section 1794, brings the total amount in controversy to **$160,539.00**. (*See* Lambert Decl., ¶¶ 16-18.)

**B.     Mileage Offset**

32. Pursuant to the Song-Beverly Act, the manufacturer is entitled to deduct an offset for the time a plaintiff drove the vehicle trouble-free. Cal. Civ. Code § 1793.2(d)(2)(C). The mileage offset is calculated pursuant to a statutory formula, whereby the purchase price is multiplied by the mileage the vehicle was driven "prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity," and dividing this amount by 120,000. Cal. Civ. Code § 1793.2. (*Id.*)

33. FCA disputes that a "mileage offset" must be factored into the amount in controversy calculation. The amount in controversy is established by what a plaintiff demands by way of his complaint, not by any reductions that a defendant might achieve through its defenses. *See Geographic Expeditions, Inc. v. Estate of Lhota ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[I]f a district court had to evaluate every possible defense that could reduce recovery below the

jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction"); *see also Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (relying on *Geographic Expeditions* to hold that "potential offsets are inapplicable to the amount-in-controversy exception").

34. Assuming, arguendo, that the mileage offset should be considered, which FCA disputes, the offset for Plaintiffs' Vehicle would still not cause the amount in controversy to be reduced to an amount less than $75,000.

35. Repair Orders provided by FCA's affiliated dealership and seller of the Subject Vehicle, Huntington Beach CDJR, indicate the first presentation Plaintiffs made for any alleged vehicle "nonconformity" was on was on May 28, 2019. The Subject Vehicle mileage at the time of this presentation was 22,718. (See Lambert Decl., ¶ 20, **Exh. D.**)

36. Pursuant to the RISC, the mileage of the Subject Vehicle at the time Plaintiffs purchased the 2017 Dodge Durango was 59. (*See* **Exh. C**.) Thus, Plaintiffs drove the Subject Vehicle 22,659 miles before the first presentation for a vehicle nonconformity (*i.e.*, 22,718 - 59 = 22,659).

37. Using the Song Beverly offset calculation, 22,659 miles, divided by 120,000 miles, and then multiplied by the cash price of the Subject Vehicle ($39,350.00), obtains the offset figure of $7,430.26. Subtracting the offset amount from the total cost of the Subject Vehicle brings the amount of "actual" damages to $46,082.74 (*i.e.*, $53,513.00 - $7,430.26). With Plaintiffs' request for a two-time civil penalty ($92,165.48), the total amount of damages is **$138,248.22**. (See Lambert Decl., ¶22.)

38. FCA notes this amount is extremely conservative, as it does not even take into account Plaintiffs' claim for attorney's fees, punitive damages, or incidental and consequential damages.

//

39. Thus, the total amount in controversy therefore exceeds $75,000.00. The amount in controversy is satisfied. (*See* Rogerson Decl., ¶23; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

### IV. <u>DIVERSITY OF CITIZENSHIP EXISTS</u>

40. Plaintiffs are, and were at the time of filing of the Complaint, a citizen and resident of California. (See **Exh. A** to Lambert Decl., ¶2; *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist. LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes Plaintiff is a citizen of the state in which they reside in the absence of evidence to the contrary.)).

41. FCA is not a citizen of California for purposes of diversity jurisdiction. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ["An LLC is a citizen of every state of which its owners/member are citizens."].

42. FCA is a limited liability company and its sole member is FCA North America Holdings LLC, also a limited liability company, and the sole member of FCA North America Holdings LLC is Stellantis Ventures B.V., a company organized under the laws of the Netherlands, which is owned by Stellantis N.V. (formerly known as Fiat Chrysler Automobiles, N.V.), a public company incorporated under the laws of the Netherlands. FCA consummated a merger with Peugeot S.A., and the entity was renamed "Stellantis N.V." on January 16, 2021. The principal executive offices of the Stellantis N.V are located at Singaporestraat 92-100, 1175 RA Lijnden, the Netherlands. (*See* **Exhs. GG-LL** to Lambert Decl., ¶¶ 52-57; FCA's Corporate Disclosure Statement filed concurrently herewith; *see also* Fed. R. Evid. 201(b)(2) [courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."]; *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D.

Cal. 2007) ["the Court may properly take judicial notice of the SEC filings as public records of undisputed authenticity."]).

43. Because FCA is a limited liability company, and because its ultimate owner is a foreign corporation formed under the laws of the Netherlands, FCA is not considered a citizen of California for purposes of diversity jurisdiction.

44. Since the dismissal of Huntington Beach CDJR on December 5, 2022, no other parties remain in this action.

45. Accordingly, complete diversity exists between Plaintiffs and FCA.

## V. CONCLUSION

46. Consequently, the State Action may be removed to this Court by FCA in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: December 23, 2022          Respectfully submitted,

*/s/ Sarah Carlson Lambert*
Spencer P. Hugret
Eric D. Sentlinger
Sarah Carlson Lambert
Gurpreet Sandhu
Attorneys for Defendant
FCA US LLC